United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41513
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORBERTO GALVAN-MARIQUES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-960-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Norberto Galvan-Mariques (Galvan) appeals his guilty-plea conviction and 27-month prison sentence for illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326.

Galvan argues that, under United States v. Booker, 543 U.S. 220 (2005), the district court erred when it sentenced him pursuant to the pre-Booker mandatory sentencing guidelines regime. He is correct. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005). By stating that a harmless-error standard of review applies to this "Fanfan" challenge, the Government concedes that Galvan preserved the challenge for appellate review. We review a preserved challenge to the mandatory application of the Sentencing Guidelines for harmless error, and the Government bears the burden of showing harmlessness. United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Before an error can be held harmless, the Government must "point to . . . record evidence that would prove beyond a reasonable doubt that the district court would not have sentenced [the defendant] different had it acted under an advisory Guidelines regime." United States v. Akpan, 407 F.3d 360, 377 (5th Cir. 2005). Because the Government has not met this burden, we vacate Galvan's sentence and remand for resentencing.

Galvan's constitutional challenge to the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Galvan contends that Almendarez-Torres was incorrectly decided, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Galvan concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. We affirm Galvan's conviction.

SENTENCE VACATED AND REMANDED; CONVICTION AFFIRMED.